Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3264 | **DATE** | 6/9/2011 |
| **CASE TITLE** | Adams et al vs. Raintree Vacation Exchange, LLC et al | | |

**DOCKET ENTRY TEXT**

For these reasons, the Court grants in part and denies in part Plaintiffs' Motion to Compel.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiffs assert that Raintree ("RT") and Starwood ("SW"), the developers of a failed real estate venture in Mexico, committed fraud by soliciting money for fractional ownership shares even though they never intended to build the resort. RT filed a motion to dismiss based on lack of personal jurisdiction and improper venue and SW moved to dismiss only for improper venue. RT and SW claim that a forum selection clause signed by Plaintiffs and DTR require litigation of these claims in Mexico.

The Court's April 28, 2011 order denied RT's motion to dismiss based on personal jurisdiction. It also took under advisement the motions to dismiss for improper venue pending an evidentiary hearing on the nature of the corporate relationship between DTR, the signatory to the forum selection clause, and RT and SW, who seek to step into DTR's shoes and enforce the clause. At the April 28 status, the Court gave the parties "30 days to issue subpoenas and get whatever information that you need regarding that relationship [between DTR, SW, and RT] since it is critical to my understanding whether [it] is the proper venue here." The parties have the opportunity to present documentation evidence or testimony at the June 13, 2011 evidentiary hearing setting forth the relationship that DTR has with RT and SW. Plaintiffs now seek to compel certain documents in preparation for the evidentiary hearing.

First, Plaintiffs seek the December 2006 settlement document between RT and SW as a result of litigation in the U.S. District Court for the Southern District of Texas. This document, which Plaintiffs describe as "newly discovered evidence," allegedly shows that SW purchased the land and development rights in the resort project from a RT entity (but not DTR), but SW was not able to purchase the contracts that Plaintiffs and DTR had entered into. If true, this is relevant to the improper venue issue. But to protect the confidentiality of RT and SW the Court orders that they provide the controlling document for the December 2006 settlement to the Court for ex parte review.

| STATEMENT |
|---|

Second, Plaintiffs want a protective order to review the "Roos" documents, which are from a related case in Texas. This Court is preserving these documents under seal. Plaintiffs seek these documents because they are relevant to the "fraudulent scheme." Pending before the Court is the Motion to Dismiss for Improper Venue, which will ultimately hinge on the validity and application of the forum selection clause. But what is not an issue before the Court at this time is the merits of Plaintiffs' fraud claim. Documents that show the mechanics of the alleged scheme and the harm the scheme caused Plaintiffs are not relevant to deciding the improper venue motions. Moreover, Plaintiffs seek "all documents related to the Villas Project and Defendants' SEC filings," which is overly broad and burdensome, especially given the limited scope of the improper venue issue. The Court therefore denies the motion to compel these documents.

For these reasons, the Court grants in part and denies in part Plaintiffs' Motion to Compel.